# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Estate of Andrew Davis Good
9 North 9th Street
Akron, PA 17501

**(b)** County of Residence of First Listed Plaintiff: Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

## DEFENDANTS
Lancaster County
50 N. Duke Street
Lancaster, PA 17602

County of Residence of First Listed Defendant: Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 1983 et seq
Brief description of cause:
8th Amendment - Deliberate Indifference

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/16/2020
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Estate of Andrew Good, et al : CIVIL ACTION
v. :
Lancaster County, et al : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| 3/16/2020 | Graham F Baird | Estate of Andrew Good |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 267-546-0131 | 215-944-6124 | grahamb@ericshore.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 9 North 9th Street, Akron, PA 17501

Address of Defendant: 50 N. Duke Street, Lancaster, PA 17602

Place of Accident, Incident or Transaction: Ephrata, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/16/2020    _____    92692
                     *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Graham F. Baird, Esq., counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 3/16/2020    _____    92692
                     *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF ANDREW DAVIS GOOD<br>9 North 9th Street<br>Akron, PA 17501<br><br>And<br><br>KRISTI GOOD<br>9 North 9th Street<br>Akron, PA 17501<br><br>      Plaintiff,<br><br>      v.<br><br>BARBARA RODRIGUEZ-SANTANA<br>individually and in her capacity as a<br>Deputy Sheriff for<br>Lancaster County Sheriff's Department<br>50 N. Duke Street<br>Lancaster, PA 17602<br><br>And<br><br>LANCASTER COUNTY, d/b/a<br>Lancaster County Sheriff's Department<br>50 N. Duke Street<br>Lancaster, PA 17602<br><br>And<br><br>CHRISTOPHER R. LEPPLER<br>in his capacity as Sherriff of<br>Lancaster County Sheriff's Department<br>50 N. Duke Street<br>Lancaster, PA 17602<br><br>And<br><br>GREG STONE individually and in<br>his capacity as a police officer for<br>Akron Borough Police Department<br>117 South Seventh Street | JURY DEMANDED<br><br>No. |

Akron, PA 17501 :
                                                            :

And :

BOROUGH OF AKRON, d/b/a :
Akron Borough Police Department :
117 South Seventh Street :
Akron, PA 17501 :

And :

BOROUGH OF EPHRATA d/b/a :
Ephrata Borough Police Department :
124 South State Street :
Ephrata, PA 19522 :

And :

JOHN DOE DEFENDANTS 1-10 :
Lancaster County Sheriff's Department :
50 N. Duke Street :
Lancaster, PA 17602 :

And :

JOHN DOE DEFENDANTS 11-20 :
Akron Borough Police Department :
117 South Seventh Street :
Akron, PA 17501 :

And :

JOHN DOE DEFENDANTS 21-30 :
Ephrata Borough Police Department :
124 South State Street :
Ephrata, PA 19522 :
                Defendants :

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, ESTATE OF ANDREW GOOD (hereinafter "Plaintiff") is a legal construction as the result of the death of Andrew Good. Plaintiff, KRISTI GOOD is the administrator of the ESTATE OF ANDREW GOOD (hereinafter referred "Plaintiff").

2. Plaintiff, KRISTI GOOD, the administrator of Andrew Good's estate and his mother, is next of kin and hereby brings a survival action on her own behalf, in addition to bringing.

3. Defendant, BARBARA RODRIGUEZ-SANTANA was, at all times material hereto, a Deputy Sheriff employed with the Lancaster County Sheriff's Department ("LCSD") and was operating individually and in her capacity as a Deputy Sheriff. Plaintiff is suing this Defendant in her individual capacity only.

4. Defendant, CHRISTOPHER LEPPLER was, at all times material hereto, the Sheriff of Lancaster County and was operating individually and in his capacity as the Sheriff of Lancaster County. Plaintiff is suing this Defendant in his individual capacity and official capacity.

5. Defendant, GREG STONE was, at all times material hereto, a police officer employed with Akron Borough and was operating individually and in his official capacity as a police officer with Akron Borough. Plaintiff is suing this Defendant in his individual capacity only.

6. Defendant, LANCASTER COUNTY was, at all times material hereto, a municipal entity responsible for the detainer of individuals held on bench warrants and fugitive warrants by and on behalf of Lancaster County, Pennsylvania. At all times material hereto Defendant Lancaster County is a state actor under color of state law.

7. Defendant, BOROUGH OF AKRON was, at all times material hereto, a municipal entity responsible for the detainer of individuals held on bench warrants and fugitive warrants by and on behalf of Lancaster County, Pennsylvania. At all times material hereto Defendant Borough of Akron is a state actor under color of state law.

8. Defendant, BOROUGH OF EPHRATA was, at all times material hereto, a municipal entity responsible for the detainer of individuals held on bench warrants and fugitive warrants by and on behalf of Lancaster County, Pennsylvania. At all times material hereto Defendant Borough of Ephrata is a state actor under color of state law.

9. Defendant JOHN DOE DEFENDANTS NOS.1-10 are Sheriff Deputies employed by Lancaster County and, at all times material hereto, were operating in their individual capacities under color of state law. These John Doe Defendants are currently unknown to Plaintiff but deployed tasers upon the body of Andrew Good on the date of his death. Demand is made on Defendants to identify these individuals.

10. DEFENDANT JOHN DOE DEFENDANTS NOS. 11-22 are police officers employed by Defendant, Akron Borough and, at all times material hereto, were operating in their individual capacities under color of state law. These John Doe Defendants are currently unknown to Plaintiff but deployed tasers upon the body of Andrew Good on the date of his death. Demand is made on Defendants to identify these individuals.

11. DEFENDANT JOHN DOE DEFENDANTS NOS. 21-30 are police officers employed by Defendant, Borough of Ephrata and, at all times material hereto, were operating in their individual capacities under color of state law. These John Doe Defendants are currently unknown to Plaintiff but deployed tasers upon the body of Andrew Good on the date of his death. Demand is made on Defendants to identify these individuals.

12. At all times material hereto, all Defendants named above are acting together, in concert, by and on each other's behalf, were acting under color of state law and/or employees within the Commonwealth of Pennsylvania.

13. At all times, Defendants acted under color of state law and all individual defendants are being sued in their individual and official capacities.

14. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

15. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

16. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are located in the Eastern District of Pennsylvania, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## II. Operative Facts.

17. At all times material hereto, ANDREW GOOD was a person suffering from an opioid addiction.

18. At all times material hereto, Defendants knew or otherwise had notice of his opioid addiction due to his past criminal history and current fugitive status as of April 14, 2018.

19. On or about April 14, 2018, Defendants executed a warrant for Mr. Andrew Good's arrest at or near his house in Akron Borough.

20. During his arrest of April 14, 2018, Plaintiff was tased and/or shoved and held upon the ground without good reason or lawful justification.

21. Officer Rodgers (first name unknown) of Defendant Borough of Akron, arrested Plaintiff and transported Plaintiff to Wellspan Ephrata Community Hospital for treatment for injuries sustained during the arrest.

22. After being treated at the hospital, Mr. Good was placed into the custody of Defendant, Barbara Rodriguez-Santana and Defendant Lancaster County Sheriff Department.

23. Defendant Santana waiting with Mr. Good at Ephrata Community Hospital for medical treatment as a result of injuries he sustained during his apprehension earlier that day by Defendants.

24. Plaintiff, while shackled, attempted to escape custody by running out of the parking lot of the hospital.

25. Defendant Santana deployed her taser multiple times despite knowledge that Andrew Good was an opioid addict.

26. Plaintiff ran towards Cocalico Creek and upon information and belief entered the water whereby he was tased multiple times by Defendant Santana and other John Doe Defendants while in the creek.

27. Upon information and belief, Mr. Good was tased causing him to fall unconscious in the creek while shackled where he then drowned.

28. Defendant recklessly and willfully disregarded Plaintiff's rights by deploying a taser upon him with knowledge that he was shackled, in the water, and was an opioid addict.

29. The use of the taser by Defendants under these circumstances created a heightened and unreasonable risk to the decedent as he was tased in the chest area, while shackled, on or in the Cocalico Creek.

30. At all times material hereto, Defendants set forth and establish a "Conducted Electronic Weapon" policy governing the use of tasers.

31. The policy is established by Defendants Lancaster County, Akron Borough, Borough of Ephrata, and Leppler.

32. The Conducted Electronic Weapon policy is deficient in addressing the aforementioned risks concerning deployment.

33. As a direct and proximate result of the Defendants' deliberate indifference to the Plaintiff being an opioid addict, as well as being in a body of navigable water yet tasering him, Plaintiff sustained death, grievous bodily injury, great personal injury, pain and suffering and emotional distress.

34. At all times material, the Corrections Officers Defendants intentionally and willfully disregarded Plaintiff's complaints that he needed medical treatment.

35. As set forth above, the Defendants deliberately and willfully ignored the danger posed deploying tasers upon the body of Andrew Good described above which directly and proximately caused Plaintiff's injuries.

36. As a direct and proximate result of Defendants' aforementioned conduct, Plaintiffs sustained great personal injury, economic loss, emotional distress, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

### COUNT I – 8th AMENDMENT—DELIBERATE INDIFFERENCE
### (42 U.S.C.A. § 1983 et seq)
### (Plaintiff v. Defendants)

37. Plaintiff incorporates paragraphs 1-36 as if fully set forth at length herein.

38. At all times described above, Defendants were acting under color of state law.

39. As described above, Defendants were provided specific knowledge of the heightened risk of deployment of the taser upon Plaintiff.

40. Despite this heightened risk, Defendants deployed the taser upon Plaintiff.

41. Defendants could have used a lesser degree of force in apprehending Plaintiff.

42. Defendants knew or should have known of Plaintiff's addiction and drug abuse issues, as well as his restraint at the time of the tasering and their disregard for Plaintiff's health and safety by deploying the taser resulted in Plaintiff's death and damages as set forth below.

43. Defendants failed to intervene to protect Plaintiff from drowning.

44. Defendants have a duty to ensure Plaintiff safety and security as well as the proper treatment of inmates. Defendants' breach of this duty makes them liable for Plaintiff's damages.

45. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: personal injury, death, future lost earning capacity, lost opportunity, personal injury, as well as emotional distress, mental anguish, pain and suffering and consequential damages.

46. As a result of the conduct of Defendants, Plaintiff hereby demands punitive damages.

47. Pursuant to 42 U.S.C. §1983, Plaintiff demands attorneys fees and court costs.

**COUNT II –CRUEL AND INHUMANE TREATMENT**
**(Pennsylvania Constitution and State Law Claims)**
**(Plaintiff v. Defendants)**

48. Plaintiff incorporates paragraphs 1-47 as if fully set forth at length herein.

49. At all times described above, Defendants were acting under color of state law.

50. As described above, Defendants willfully and deliberately ignored Plaintiff's addiction and restraint.

51. As described above, Defendants' willful disregard for Plaintiff's addiction, drug abuse and restraint posed an unreasonable risk to Plaintiff's health and well-being.

52. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: personal injury, death, future lost earning capacity, lost opportunity, as well as emotional distress, mental anguish, pain and suffering and consequential damages.

53. As a result of the conduct of Defendants Plaintiff hereby demands punitive damages.

54. Plaintiff demands attorneys fees and court costs.

### COUNT III –4th AMENDMENT—EXCESSIVE FORCE
### (42 U.S.C.A. § 1983 et seq)

55. Plaintiff incorporates paragraphs 1-54 as if fully set forth at length herein.

56. At all times material hereto, Defendants were acting under color of state law.

57. As described above, Defendants intentionally applied an unreasonable and excessive level of force towards Plaintiff, and exercised such force with no other lawful purpose or justification.

58. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: personal injury, death, future lost earning capacity, lost opportunity, as well as emotional distress, mental anguish, pain and suffering and consequential damages.

59. As a result of the conduct of Defendants, Plaintiff hereby demands punitive damages.

60. Plaintiff demands attorneys fees and court costs.

## COUNT IV — MONELL CLAIM
### (42 U.S.C.A. § 1983 et seq)

61. Plaintiff incorporates paragraphs 1-60 as if fully set forth at length herein.

62. At all times material hereto, Defendants instituted policies and procedures with indifference to the constitutional rights of the inmates in their custody or control, including, but not limited to Plaintiff.

63. Those policies and procedures include the Conducted Electronic Device policy that related to the use of tasers by Sheriffs and officers attempting to apprehend the Plaintiff.

64. As a proximate result of Defendants' policies and procedures, Plaintiff sustained significant damages, including but not limited to: economic loss, future lost earning capacity, lost opportunity, as well as personal injury, death, emotional distress, mental anguish, pain and suffering and consequential damages.

65. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

66. Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiffs The Estate of Andrew Good and Kristi Good demand judgment in their favor and against Defendants jointly and severally, in an amount in excess of $1,500,000.00 together with:

A. Compensatory damages, including but not limited to: personal injury damages, wrongful death, lost economic opportunity, lost future earning capacity, injury to

reputation, mental and emotional distress, pain and suffering; deprivation of his life liberty and property interests,

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: /s/ Graham F. Baird
GRAHAM F. BAIRD, ESQUIRE
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
Attorney for Plaintiffs, The Estate of
Andrew Good and Kristi Good

Date: 3/16/2020