# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESTATE OF ANDREW DAVIS GOOD<br>9 North 9th Street<br>Akron, PA 17501<br><br>And<br><br>KRISTI GOOD<br>9 North 9th Street<br>Akron, PA 17501<br><br>       Plaintiff,<br><br>       v.<br><br>BARBARA RODRIGUEZ-SANTANA<br>individually and in her capacity as a<br>Deputy Sheriff for<br>Lancaster County Sheriff's Department<br>50 N. Duke Street<br>Lancaster, PA 17602<br><br>       Defendant | : | JURY DEMANDED<br><br><br>No.    20-1431 |

## FIRST AMENDED CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.	Plaintiff, ESTATE OF ANDREW GOOD (hereinafter "Plaintiff") is a legal construction as the result of the death of Andrew Good.  Plaintiff, KRISTI GOOD is the administrator of the ESTATE OF ANDREW GOOD (hereinafter referred "Plaintiff").

2.	Plaintiff, KRISTI GOOD, the administrator of Andrew Good's estate and his mother, is next of kin and hereby brings a survival action on her own behalf, in addition to bringing.

3.	Defendant, BARBARA GUNNETT (nee RODRIGUEZ-SANTANA) was, at all times material hereto, a Deputy Sheriff employed with the Lancaster County Sheriff's

Department ("LCSD") and was operating individually and in her capacity as a Deputy Sheriff. Plaintiff is suing this Defendant in her individual capacity only.

4. At all times, Defendant acted under color of state law and all individual defendants are being sued in their individual and official capacities.

5. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

6. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

7. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are located in the Eastern District of Pennsylvania, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## II. Operative Facts.

8. At all times material hereto, ANDREW GOOD was a person suffering from an opioid addiction.

9. On or about April 14, 2018, Plaintiff, Andrew Good was arrested pursuant to a warrant after he "eloped" from a drug and alcohol rehabilitation facility.

10. Following his arrest, Officer Rodgers (first name unknown) of Akron Borough Police Department arrested Plaintiff and transported him to Wellspan Ephrata Community Hospital for treatment for injuries sustained during the arrest.

11. After being treated at the hospital, Mr. Good was placed into the custody of Defendant, Gunnett and Defendant Lancaster County Sheriff Department.

12. Defendant Gunnett waited with Mr. Good at Ephrata Community Hospital for medical treatment as a result of injuries he sustained during his apprehension earlier that day.

13.     Defendant Gunnett applied the shackles and handcuffs to Mr. Good at the hospital.

14.     Upon leaving the hospital, in the parking lot, Plaintiff, while shackled, attempted to escape custody by running out of the parking lot of the hospital.

15.     Defendant Gunnett deployed her taser twice in direct contravention of the Lancaster County Sheriff's Department policies with regards to Conducted Electrical Weapon.

16.     Specifically, Sheriff Gunnett fired her conducted electronic weapon at Plaintiff while he was handcuffed and shackled, while he was running away, while he was running down an embankment while he was unarmed and while no other people were in the area.

17.     At no time was Mr. Good a threat to any officer or other person during his escape.

18.     Plaintiff ran towards Cocalico Creek and upon information and belief entered the water where he then drowned.

19.     Defendant recklessly and willfully disregarded Plaintiff's rights by deploying a taser upon him with knowledge that he was shackled, running away down an embankment and was unarmed.

20.     The use of the taser by Defendant Gunnett under these circumstances created a heightened and unreasonable risk to the decedent and constitutes excessive force

21.     As a direct and proximate result of the Defendant's use of a taser upon the Plaintiff, under the circumstances, Plaintiff sustained death, grievous bodily injury, great personal injury, pain and suffering and emotional distress.

22.     As set forth above, the Defendant Gunnett deliberately and willfully ignored the danger posed deploying tasers upon the body of Andrew Good described above which directly and proximately caused Plaintiff's injuries.

23.     As a direct and proximate result of Defendant's aforementioned conduct, Plaintiffs sustained great personal injury, economic loss, emotional distress, pain and suffering and other damages as set forth below.

## III.  Causes of Action.

### COUNT I – 8th AMENDMENT—DELIBERATE INDIFFERENCE
### (42 U.S.C.A. § 1983 et seq)

24.     Plaintiff incorporates paragraphs 1-23 as if fully set forth at length herein.

25.     At all times described above, Defendant was acting under color of state law.

26.     As described above, Defendant had specific knowledge and training on the aforementioned Conducted Electronic Weapon policy established by Defendant.

27.     Despite this knowledge and training, Defendant Gunnett deployed the taser upon Plaintiff.

28.     Defendant could have used a lesser degree of force in apprehending Plaintiff.

29.     Defendant had a duty to ensure Plaintiff's safety and security as well as the proper treatment of individuals in custody. Defendant's breach of this duty makes her liable for Plaintiff's damages.

30.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: personal injury, as well as emotional distress, mental anguish, pain and suffering and consequential damages.

31.     As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

32.     Pursuant to 42 U.S.C. §1983, Plaintiff demands attorneys fees and court costs.

## COUNT II –4th AMENDMENT—EXCESSIVE FORCE
## (42 U.S.C.A. § 1983 et seq)

33. Plaintiff incorporates paragraphs 1-32 as if fully set forth at length herein.

34. At all times material hereto, Defendant was acting under color of state law.

35. As described above, Defendant intentionally applied an unreasonable and excessive level of force towards Plaintiff, and exercised such force with no other lawful purpose or justification.

36. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: personal injury, as well as emotional distress, mental anguish, pain and suffering and consequential damages.

37. As a result of the conduct of Defendant, Plaintiff hereby demands punitive damages.

38. Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiffs The Estate of Andrew Good and Kristi Good demand judgment in their favor and against Defendant in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: personal injury damages, wrongful death, lost economic opportunity, lost future earning capacity, mental and emotional distress, pain and suffering; deprivation of his life liberty and property interests,

B. Punitive damages;

C. Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: /s/Graham F. Baird
 **GRAHAM F. BAIRD, ESQUIRE**
 Two Penn Center
 1500 JFK Boulevard,  Suite 1240
 Philadelphia, PA 19102
Attorney for Plaintiffs, The Estate of
Andrew Good and Kristi Good

Date:  September 28, 2020