**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ESTATE OF ANDREW DAVIS GOOD | : | |
| and KRISTI GOOD, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | DOCKET NO. 20-cv-1431 |
| | : | |
| BARBARA RODRIGUEZ-SANTANA, | : | |
| | : | |
| Defendant. | : | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT DEPUTY SHERIFF BARBARA**
**RODRIGUEZ-SANTANA'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Lancaster County Sheriff's Deputy Barbara Gunnet ("Deputy Gunnet") [1] by

and through her attorneys, MacMain, Connell & Leinhauser, LLC, respectfully submits this

Reply Brief to Plaintiff's Response in Opposition to Defendant's Motion for Summary

Judgment.

## I.    INTRODUCTION

In an attempt to avoid dismissal of their claims, Plaintiffs make three arguments, the first

of which – that a violation of an internal policy equates with a violation of the Constitution - is

contrary to the law; the second of which – that Deputy Gunnet's use of a taser was violative of

Lancaster County Sherriff's Office Policy - is in complete contradiction of the factual record;

and the third of which – that qualified immunity should not be afforded - has no legal support as

Plaintiff does not cite to a single case, or distinguish any of the cases cited by Defendants, to

show that this use of force was in violation of clearly established law. These arguments will be

addressed in turn below.

---

[1] Plaintiffs name Defendant Barbara Gunnet by her maiden name, Barbara Rodriguez-Santana in
their Complaint and First Amended Complaint.

## II.     ARGUMENT

### A. Violation Of Policy Is Not The Appropriate Metric In Determining Whether A Constitutional Violation Occurred

Plaintiff's primary argument to defeat summary judgment is that Deputy Gunnet's use of a taser to stop and detain a fleeing Good was in violation of the Lancaster County Sheriff's Office Conducted Electronic Weapons Policy ("CEW Policy"). Putting aside that this is factually untrue and specifically refuted by the record, this argument is an erroneous statement of the law. Namely, even if, *arguendo*, Deputy Gunnet's actions violated the CEW Policy, a violation of an internal policy does not automatically rise to the level of a constitutional violation.  *Atwell v. Lavan*, 557 F. Supp. 2d 532, n.24 (M.D. Pa. 2007) (*citing*, *Whitcraft v. Township of Cherry Hill*, 974 F. Supp. 392, 398 (D.N.J. 1996); *Edwards v. Baer*, 863 F.2d 606, 608 (8th Cir. 1988); *James v. Chieffo*, 833 F. Supp. 498, 505-06 (E.D. Pa. 1993).  The Court in *Atwell* further noted that a "policy manual does not have the force of law and does not rise to the level of a regulation."  *Id*. (*citing*, *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 154 (3d Cir. 2004)).

Thus, Plaintiffs' legal argument regarding a violation of an internal policy is wholly irrelevant to whether constitutionally excessive force was used and carries no weight or force of law for the Court's consideration.

### B. Deputy Gunnet's Actions Were NOT In Violation Of The CEW Policy

The bulk of Plaintiffs' "argument" is devoted to an allegation that Deputy Gunnet's taser deployment at Good was in violation of the CEW policy, with cite for support to the Lancaster County Sheriff's Office Internal Review ("the Review") of the underlying incident, which contains "Applicable Law/Policy/Procedures for this Incident."  ECF Doc. No. 44-3 (Exhibit D of Plaintiffs' filing) at p. 28.  Plaintiffs erroneously represent that the Review found that Deputy Gunnet was in violation of policies; however, a review of the actual findings proves Plaintiffs'

contention false.

With regard to Lancaster County Sheriff's Office Policy 304.2 regarding the deployment of a conducted electrical weapon to control a violent or potentially violent individual, the Review concluded:

> Considering the totality of Good's actions and statements, it is obviously concluded that he was a potentially violent person who then proved this potential when he acted out violently toward Deputy [Gunnet], who employed the use of her CEW ***in compliance with*** Lancaster County Sheriff's Office policy.

ECF Doc. No. 44-3, pg. 31 (emphasis added).  With regard to Lancaster County Sheriff's Office Policy 304.3 detailing that deputies must successfully complete training to be issued and carry a CEW, the Review concluded that Deputy Gunnet successfully completed the required training on July 27, 2017, and on the subject of her use of the CEW, that "[h]er actions ***conformed to office policy***." *Id*. (emphasis added).  With regard to Lancaster County Sheriff's Office Policy 304.4, regarding a verbal warning of the intended use of the CEW prior to its application, the Review concluded that "Deputy [Gunnet's] actions ***conformed to policy*** in that she preceded her applications of her CEW with verbal warnings on both occasions." *Id.* at 32 (emphasis added). With regard to Lancaster County Sheriff's Office Policy 304.5, regarding the use of the CEW only when the deputy can safely approach the person within the operation range of the device, the Review concluded that "Deputy [Gunnet] ***was safely within the operational range*** of 25 feet when she fired her CEW." *Id.* (emphasis added)

With regard to Lancaster County Sheriff's Office Policy 304.5.1, regarding the circumstances perceived by the deputy at the time which indicate that the use of CEW is reasonably necessary to control the person, the Review concluded that, "[i]n response to Good's actions and demonstrated intent, Deputy [Gunnet] used her CEW to attempt to control Good."

*Id.* With regard to Lancaster County Sheriff's Office Policy 304.5.2, regarding the avoidance of using a CEW on certain people unless the totality of the circumstances indicates that other available options reasonably appear ineffective, the Review concluded, "Good had proven to be a violent person who posed an imminent threat to law enforcement officers and the risk posed by his possible escape outweighed the potential risks of Deputy [Gunnet] employing her CEW to control him." *Id.* at 33. With regard to Lancaster County Sheriff's Office Policy 304.5.3, regarding the preferred targeting area for the CEW including the person's back, the Review concluded that "Deputy [Gunnet] targeted the upper back of Good on both CEW deployments." *Id.* Finally, with regard to Lancaster County Sheriff's Office Policy 304.5.4, related to application of CEW for only one standard cycle and evaluating the situation before applying any subsequent cycles, the Review concluded:

> (a) …Good had proven to be a violent person who posed an imminent threat to law enforcement officers, and the risk posed by his possible escape outweighed the potential risks of Deputy [Gunnet] employing her CEW to control him, including additional applications of her CEW. (b) The probes had made proper contact on the first application of the CEW, as Good sustained neuromuscular incapacitation. (c) Deputy [Gunnet] provided Good with multiple opportunities to comply, and his ability to comply was never impeded. (d) Deputy [Gunnet] gave numerous verbal commands to Andrew Good in an attempt to gain Good's compliance, however he refused to comply. [Gunnet] requested assistance via radio, and used the options and tactics that were available to her at the time.

*Id.* at 33-34.

Thus, despite Plaintiffs' patently wrong and unsubstantiated assertions to the contrary, and based on the very evidence cited by Plaintiffs, at no point were Deputy Gunnet's actions with regard to the deployment of her taser at or on Good concluded to be in violation of Lancaster County policy. To the contrary, Deputy Gunnet's actions with regard to deploying her taser were found to comply with each specific subsection of Lancaster County's CEW policies.

4

### C. **Plaintiffs Provide NO Authority To Overcome Qualified Immunity**

Plaintiff offers no supporting legal basis for this Court to conclude that Good suffered the deprivation of an actual constitutional right, and that the right was *clearly established* at the time of the alleged violation, such as to deny Deputy Gunnet qualified immunity.  The defense of qualified immunity shields government officials from liability whenever their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known. *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011); *Harlow v Fitzgerald*, 457 U.S. 818 (1982); *McGreevy v. Stoup*, 413 F.3d 359, 364 (3d. Cir. 2005).  To be clearly established, a right must be sufficiently clear "that every 'reasonable official would [have understood] that what he is doing violates that right.'" *Reichle et, al. v. Howards*, 566 U.S. 658, 659 (2012).  In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft,* 563 U.S. at 741.

Plaintiff offers no examples or authority to indicate that Good suffered the deprivation of an actual constitutional right, or that any caselaw existed to put Deputy Gunnet on notice that her conduct in using a taser in an effort to prevent a fleeing felon from escaping custody would constitute excessive force.  Likewise, Plaintiff provides the Court with no basis to ignore, or any distinguishment of, the litany of cases cited in Defendant's Brief that held that the use of a taser under the very circumstances that Deputy Gunnet used her taser was constitutionally permissible. *See*, *Brown v. Cwynar,* 484 Fed. Appx. 676, 681 (3d Cir. 2012) (finding it was reasonable for an officer to deploy a taser where he was dispatched for assistance, arrived and witnessed the plaintiff scuffling with another officer, was informed plaintiff had been tased already and continued to resist, and witnessed plaintiff lying on the ground and refusing to release his hands); *Patrick v. Moorman,* 536 Fed. Appx. 255 (3d Cir. Aug. 27, 2013) (upholding the entry of

summary judgment in favor of a defendant law enforcement officer by this District Court in a case where an unarmed individual who attempted a demand note style robbery of a bank, and then fled officers and was subsequently tased in the course of his flight); *Wargo v. Municipality of Monroeville*, 646 F. Supp. 2d 777 (W.D. Pa. 2009) (holding that plaintiff's decision to ignore instructions to disarm, his suicidal threats, and his continued advance towards the officer would have justified the officer's use of ***deadly*** force for his protection, where plaintiff was tased in excess of five (5) times during an arrest); and *McNeil v. Easton,* 694 F. Supp. 2d 375, 392 (E.D. of Pa. 2010)(J. Gardner) (applying 3 *Graham v. Connor*, 490 U.S. 386 (1989) factors) – use of taser to stop a fleeing suspect, on a staircase, was constitutionally permissible).

In short, Plaintiff provides no caselaw – much less clear and controlling caselaw – that Deputy Gunnet's use of her taser was clearly in violation of the law – to defeat the application of qualified immunity to Deputy Gunnet.

III.    **CONCLUSION**

For the reasons set forth in Defendant's original Brief, and the present Reply Brief, Defendant, Deputy Barbara Gunnet, respectfully requests that This Court enter an Order granting summary judgment in her favor and against Plaintiffs, *with prejudice*, on the remaining §1983 claims in accordance with Federal Rule of Civil Procedure 56.

Respectfully Submitted,

6

**MacMain, Connell & Leinhauser, LLC**

Dated:  January 19, 2021               By:     */s/ David J. MacMain*
David J. MacMain, Esquire
Andrew J. Davis, Esquire
Attorney I.D. No. 59320/316460
433 W. Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendant Lancaster County*
*Sheriff's Deputy Barbara Gunnet*

7

**<u>CERTIFICATE OF SERVICE</u>**

I, David J. MacMain, hereby certify that on this 19th day of January 2021, a copy of the

foregoing was served upon the following via ECF notification:

Graham F. Baird, Esquire
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102
*Attorney for Plaintiffs*

**Respectfully submitted,**

**MacMain, Connell & Leinhauser, LLC**

BY:    */s/ David J. MacMain*
       David J. MacMain, Esquire
       Attorney I.D. Nos. 59320
       433 W. Market Street, Suite 200
       West Chester, PA 19382
       Tel: (484) 318-7703
       *Attorney for Defendant Lancaster County Sheriff's*
       *Deputy Barbara Gunnet*